**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEORGE FELDMAN,

          Plaintiff - Appellant,

  v.

BUDDY BOY INC., DBA Capriotti's
Sandwich Shop; FRANCIS ALLEN,

          Defendants - Appellees.

No. 11-16594

D.C. No. 2:10-cv-01195-KJD-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted December 7, 2012[**]
San Francisco, California

Before: O'SCANNLAIN and CALLAHAN, Circuit Judges, and EZRA, District
Judge.[***]

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]    The Honorable David A. Ezra, U.S. District Judge for the District of
Hawaii, sitting by designation.

Plaintiff George Feldman appeals the district court's decision granting Buddy Boy, Inc.'s motion to dismiss on the basis that it employed fewer than fifteen employees and thus was not subject to suit under Title VII.

I

Contrary to Feldman's assertions, Buddy Boy and other members of the Capriotti's Sandwich Shop franchise were not operating as an integrated enterprise, and their personnel cannot be aggregated to meet the employee-numerosity requirement in Title VII. *See Morgan v. Safeway Stores, Inc.*, 884 F.2d 1211, 1214 (9th Cir. 1989) (finding no centralized control of labor relations, and thus no integrated enterprise, where one company had no control over the personnel decisions of another); *see also Herman v. United Bhd. of Carpenters & Joiners of Am.*, 60 F.3d 1375, 1383–84 (9th Cir. 1995) (concluding that a local union chapter and the larger international union were not a common enterprise even though the local union paid dues to the international union, the international union had the power to dissolve the local union or place it in a trusteeship, and the local union was required to follow the rules of the international union). As Feldman does not contest the fact that Buddy Boy alone employed fewer than the threshold fifteen employees, he cannot meet an essential element of Title VII, and his claim was properly dismissed. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 504, 516 (2006).

## II

Moreover, the district court did not abuse its discretion when it denied Feldman's request for additional discovery on the integrated enterprise issue. Feldman cannot point to any specific facts that, if uncovered, would change the outcome of the integrated enterprise analysis, and thus he cannot make a clear showing that the denial of discovery resulted in actual and substantial prejudice to his claim. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

**AFFIRMED.**